J-A12015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW LEE DIDOMENICO | : | |
| | : | |
| Appellant | : | No. 1249 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 2, 2024
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0000334-2023

BEFORE: STABILE, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.: **FILED OCTOBER 29, 2025**

Appellant, Matthew Lee DiDomenico, appeals from the judgment of sentence imposed for his convictions relating to child pornography. He challenges the denial of his suppression motion on the grounds that a federal magistrate's order permitting law enforcement officer to require individuals to use biometrics to open devices was facially defective, overbroad and unconstitutional because it required proof less than probable cause. Upon review, we affirm.

The trial court summarized the facts as follows:

> On November 23, 2021, federal agents of the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, Philadelphia division, identified Internet Protocol address ("IP address"), 68.80.150.153, as associated with the download of child [sexual abuse material ("CSAM")]. Specifically, federal agents identified three files of [CSAM], wherein children were forced to perform oral sex, were digitally penetrated, and were vaginally or anally penetrated by

an adult male. Upon further investigation, the IP address was traced to 1010 Laings Avenue in Bristol Township, Bucks County, Pennsylvania. Federal agents identified [five] possible residents of the 1010 Laings Avenue address and confirmed that a user with the IP address associated with the residence had downloaded the [CSAM]. Appellant, Matthew DiDomenico, was identified as a possible occupant.

On February 17, 2022, the Honorable Carol Sandra Moore Wells, a federal magistrate judge of the Eastern District of Pennsylvania, signed a search warrant for the residence which specifically identified, in twelve (12) detailed paragraphs, the items to be searched and seized by federal agents, all of which were items likely to contain evidence of the download and distribution of [CSAM]. Notably, the search warrant expressly allowed federal agents to ". . . press or swipe the fingers (including thumbs) of any individual, who is found at the subject premises and reasonably believed by law enforcement to be a user of the device, to the fingerprint scanner of the device. . . ." The warrant explained in detail Affiant Special Agent Ryan Saraceni's training and experience, his knowledge of where [CSAM] is likely stored on electronic devices, the characteristics of individuals who collect [CSAM], and the basis for which the facts of the instant case established probable cause for the items to be searched and seized.

On February 23, 2022, federal special agents and members of the Bristol Township Police Department executed the federal search warrant at the residence. When special agents arrived, Appellant [] was in the driveway of the residence. Upon seeing the special agents, Appellant attempted to run into the residence. When asked by special agents if he had a cellphone, Appellant indicated in the affirmative. Pursuant to the warrant, special agents then requested that Appellant use his fingerprints to open the cellphone.

A subsequent forensic analysis of Appellant's cellphone found 105 files, 43 of which were visually unique, depicting [CSAM]. Infants, toddlers, and prepubescent children were represented within the files. During the execution of the search warrant, federal agents also discovered clear baggies of methamphetamine within Appellant's dresser.

Trial Court Opinion, 7/11/24, at 1-3. Appellant was not arrested at the time of the search.

In April 2022, Homeland Security Investigations Special Agent Ryan Saraceni contacted Bucks County detectives and notified them of the ongoing CSAM investigation. In October 2022, Appellant was charged under Pennsylvania law with sexual abuse of children[1], criminal use of a communication facility, intentional possession of a controlled substance by a person not registered, and use or possession of drug paraphernalia.

Appellant filed an omnibus pretrial motion to suppress. He argued that the warrant's authorization for law enforcement to compel an individual to use biometrics to unlock a device was (1) overbroad and vague and (2) unconstitutional because it permitted seizure of his fingerprints without probable cause. He further moved to suppress any testimony regarding ownership of the phone based on use of his fingerprints to unlock the device. In an amended omnibus pretrial motion, Appellant added a Fifth Amendment argument that compelling use of his biometrics to unlock a device was a violation of his right against self-incrimination. The trial court denied Appellant's motion after a hearing. Appellant filed a motion for reconsideration, which was also denied.

The case proceeded to a stipulated non-jury trial wherein Appellant was found guilty on all counts. Sentencing was deferred for a pre-sentence

---

[1] Formerly named child pornography. *See* 18 Pa.C.S.A. § 6312.

investigation and assessment by the Sexual Offenders Assessment Board ("SOAB"). Appellant failed to appear for sentencing and a bench warrant was issued. Once the warrant was resolved, Appellant was sentenced to an aggregate three to six years' imprisonment with five years' consecutive probation. He was also required to register as a Tier 1 sexual offender.

This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant raises a sole issue for our review:

> Was the search warrant's authorization to seize anyone's biometrics whom it "reasonably believed" to be the user of any device facially defective and unconstitutional because it is overbroad and it only requires proof less than probable cause as required by the state and federal constitutions?

Appellant's Brief, at 3.

Our standard of review when addressing a challenge to the denial of a suppression motion is

> limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted.

*Commonwealth v. Yandamuri*, 159 A.3d 503, 516 (Pa. 2017) (internal citations omitted). Our scope of review is limited to the record created during the suppression hearing. *In re L.J.*, 79 A.3d 1073, 1080 (Pa. 2013).

"It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony."

*Commonwealth v. Luczki*, 212 A.3d 530, 542 (Pa. Super. 2019). "If there is sufficient evidence of record to support the suppression court's ruling and the court has not misapplied the law, we will not substitute our credibility determinations for those of the suppression court judge." *Commonwealth v. Johnson*, 86 A.3d 182, 187 (Pa. 2014). The Commonwealth must prove, by a preponderance of the evidence, that the subject evidence was not obtained in violation of the defendant's rights. *Commonwealth v. Wallace*, 42 A.3d 1040, 1047-48 (Pa. 2012).

Appellant does not challenge the four corners of the affidavit to support probable cause for the search of the residence. Rather, he challenges the authorization of law enforcement to compel any individual in the residence to use biometrics to open a device. *See* Appellant's Brief, at 7. He argues that the authorization was overbroad and permitted officers to seize Appellant's biometrics based upon reasonable suspicion, as opposed to probable cause. *Id.* at 7-8.

Both the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect citizens against unreasonable searches and seizures by law enforcement. *See* U.S. Const. amend. IV.; Pa. Const. Art. I, § 8. "A search conducted without a warrant is deemed to be unreasonable and therefore constitutionally impermissible, unless an established exception applies." *Commonwealth v. Evans*, 153 A.3d 323, 327 (Pa. Super. 2016).

Article I, Section 8 of the Pennsylvania Constitution requires warrants to: (1) describe with particularity the place to be searched and the items to be seized and (2) be supported by probable cause to believe that the items sought will provide evidence of a crime. ***Commonwealth v. Green***, 265 A.3d 541, 549 (Pa. 2021). The Pennsylvania Constitution requires more specificity in the description of items to be seized than its federal counterpart. ***Id.*** "Because the particularity requirement in Article I, Section 8 is more stringent than in the Fourth Amendment, if the warrant is satisfactory under the Pennsylvania Constitution it will also be satisfactory under the federal Constitution." ***Commonwealth v. Orie***, 88 A.3d 983, 1003 (Pa. Super. 2014).

A lack of particularity challenge encompasses both a warrant that is not particular enough and a warrant that is overbroad:

> These issues are separate but related. A warrant unconstitutional for its lack of particularity authorizes a search in terms so ambiguous as to allow the executing officers to pick and choose among an individual's possessions to find which items to seize. This will result in the general "rummaging" banned by the Fourth Amendment.
>
> On the other hand, a warrant unconstitutional for its overbreadth authorizes in clear or specific terms the seizure of an entire set of items, or documents, many of which will prove unrelated to the crime under investigation. An overbroad warrant is unconstitutional because it authorizes a general search and seizure.

*Commonwealth v. Young*, 287 A.3d 907, 920 (Pa. Super. 2022) (citations

omitted).  Thus, when assessing the validity of the description of items to be

seized in a warrant,

> the natural starting point for a court is to determine for what items
> probable cause existed.  The sufficiency of the description in the
> warrant must then be measured against those items for which
> there was probable cause.  Any unreasonable discrepancy
> between the items for which there was probable cause to search
> and the description in the warrant requires suppression.  This is
> because an unreasonable discrepancy reveals that the description
> was not as specific as reasonably possible, meaning the warrant
> is overbroad, ambiguous, or perhaps both.
>
> At the same time, we have also recognized the fact-dependent
> nature of such claims, and cautioned that search warrants should
> be read in a common sense fashion and should not be invalidated
> by hypertechnical interpretations.  This may mean, for instance,
> that when an exact description of a particular item is not possible,
> a generic description will suffice.  In that vein, we have held that
> where the items to be seized are as precisely identified as the
> nature of the activity permits and an exact description is virtually
> impossible, the searching officer is only required to describe the
> general class of the item he is seeking.

*Green*, 265 A.3d at 550 (citing *Commonwealth v. Johnson*, 240 A.3d 575,

584-85 (Pa. 2020)).

Regarding cell phones and other devices, a warrant is required to seize

the device as well as to search its contents.[2] *See Commonwealth v. Fulton*,

179 A.3d 475, 489 (Pa. 2018) ("The rule created by *Riley*[3] is exceedingly

---

[2] We reiterate that two warrants are not required to seize and search the contents of a device – one warrant may authorize both the seizure and the search.  *See Commonwealth v. Orie*, 88 A.3d 983, 1008 n.42 (Pa. 2014).

[3] *Riley v. California*, 573 U.S. 373 (2014).

simple: if a member of law enforcement wishes to obtain information from a cell phone, get a warrant"). However, our Supreme Court ruled that this does not mean that "once obtained, a warrant to search a digital device should be held to a higher overbreadth standard than a warrant to search a home simply because of the former's storage capacity." *Green*, 265 A.3d at 553. Thus, in Pennsylvania, the same overbreadth standard applies to a search of a digital device as for a physical space. *Id.*

Although Appellant's argument on this issue is confusing and largely undeveloped, we will address the issue as best as we can. To the extent Appellant challenges the warrant's authorization to seize and search the contents of any device found on the subject property for evidence of CSAM as overbroad, no relief is due.

The affidavit of probable cause explained that based on Special Agent Saraceni's experience investigating this type of crime, individuals who download and share CSAM usually maintain a collection of CSAM in a secure, private location for long periods of time. *See* Affidavit of Probable Cause, ¶ 21. Special Agent Saraceni personally downloaded three CSAM files through a file sharing network from a device utilizing IP address 68.80.150.135. *Id.* at ¶¶ 29-32. He then used the American Registry of Internet Numbers ("ARIN") to determine that the IP address was owned by Comcast. *Id.* at ¶ 33. A subpoena was issued to Comcast for the name of the customer that the IP address was assigned. *Id.* at ¶ 34. Comcast responded to the subpoena

and identified the subscriber as Cammie Citro with an address of 1010 Laings Avenue, Bristol, Pennsylvania. *Id.* at ¶ 35. Special Agent Saraceni then utilized public records to identify five individuals as possible occupants of the residence. *Id.* at ¶ 36. Appellant was one of these individuals. *Id.*

These facts established probable cause that someone was sharing a collection of CSAM in general, which is exactly what the warrant permitted the officers to search for and seize. The warrant was issued because an unknown user within the subject premises was under investigation for an internet-based crime. The warrant authorized officers to seize any device found and search for "[a]ll visual depictions of minors engaged in sexually explicit conduct and produced using minors engaged in such conduct, on whatever medium[.]" *Id.*, Attachment B, ¶ 1. Officers could not indiscriminately rummage through all files but instead could only conduct a digital forensic search for evidence of CSAM. Thus, we are "satisfied that the limiting language provided in the warrant and supported by the affidavit of probable cause was specific enough that rummaging would not be permitted, nor would this warrant be used as a general investigatory tool." *Green*, 265 A.3d at 555. Because we conclude the warrant sufficiently described the items for which there was probable cause, it was not overbroad.

To the extent Appellant challenges the warrant's authorization to compel him to use his biometrics to unlock a device, this issue is waived.

Whether officers can compel an individual to unlock a device using their biometrics is an unsettled Fifth Amendment issue, because there is disagreement whether the use of biometrics is testimonial or non-testimonial. **Compare U.S. v. Payne**, 99 F.4th 495, 512 (9th Cir. 2024) (compelled use of biometrics non-testimonial and does not violate Fifth Amendment privilege against self-incrimination), **with U.S. v. Brown**, 125 F.4th 1186, 1204 (D.C. Cir. 2025) (compelled unlocking of phone was testimonial and violated Fifth Amendment).

Appellant, however, failed to raise a Fifth Amendment claim in the statement of questions involved portion of his appellate brief. The issue, therefore, is waived. **See** Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved[.]"); **Commonwealth v. Fremd**, 860 A.2d 515, 524 (Pa. Super. 2004).

Furthermore, and equally consequential, Appellant failed to include the issue in his concise statement of matters complained of pursuant to Pa.R.A.P. 1925(b), which also results in waiver. **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."). Thus, even if the claim had been included in the statement of questions, the claim would be nonetheless waived, **id.**, and not reviewable under Pa.R.A.P. 302(a).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/29/2025